UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>COUNTY OF FRESNO,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00091-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　The instant petition was filed on January 22, 2014. Petitioner alleges that he is presently incarcerated at the Fresno County Jail and within the custody of the California Department of Corrections and Rehabilitation, serving a sentence of eight years as a result of a 2012 conviction in the Fresno County Superior Court. (Doc. 1, p. 2). The underlying conviction was for carrying a concealed dirk or dagger and disobeying a court order, i.e., a restraining order. Id. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner contends that he is receiving inadequate medical care at his present place of incarceration, including, inter alia, improper medications. (Doc. 1, pp. 3-4).

　　　　The Court also notes that Petitioner has another petition pending in this Court in case no. 1:14-

1

cv-00039-AWI-JLT, in which Petitioner challenges his conviction because the judge stated that he had thrown counsel a "curveball." On January 16, 2014, the Court issued Findings and Recommendations to summarily dismiss that case as frivolous. (Doc. 4). The matter has been referred to the District Judge for his review.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges he has received inadequate and erroneous medical treatment at the hands of Respondent. Specifically, Petitioner complains about the types of medications given to him and that these medications do not address what Petitioner believes are his underlying medical conditions. Clearly, then, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence. Since the only relief a federal habeas court may provide relates to the fact or duration of a state inmate's sentence, this Court has no power to provide Petitioner with the relief he seeks. Therefore, Petitioner is not entitled to habeas corpus relief, and his petition

must be dismissed.  Should Petitioner wish to pursue his claims about inadequate medical treatment, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

## ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one  (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 28, 2014**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that the fact he disagrees with the course of treatment provided by prison doctors does not give rise to a constitutional violation.  Snow v. McDaniel, 681 F.3d 978, 987–88 (9th Cir. 2012; Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).